Columbia,<br>May, 1830.<br><br>Johnson<br><i>v.</i><br>Vernon.

The written admission of the defendant, Campbell, having relation to a state of facts existing during the copartnership, although made after the dissolution, was admissible. I was, on the first view of this question, very much disposed to think, that the right to introduce this admission was waived by the subsequent examination of Campbell; but on looking more particularly into the report of the presiding judge, it seems to me to be obvious, that the plaintiff was driven to consent to, or propose his examination, as a witness, in consequence of the rejection of his written admission. This was an alternative, at best, dangerous to the plaintiff, and which was forced upon him by the error of the Court. I think therefore that a new trial ought to be granted, and it is accordingly so ordered.

Colcock, J. and Evans, J. concurred.

Motion granted.

---

## James Johnson *v.* Alexander Vernon.

No judicial proceeding is necessary to foreclose a mortgage of personal property; but the mortgagee, after a forfeiture, may seize, and sell the property, in satisfaction of the debt, or of such instalments of it as have become due: and it makes no difference that the mortgage does not contain a special clause authorizing him to seize and sell.

*Per* Colcock, J. affirming the judgment of Mr. Justice O'Neall, at Spartanburgh, Extra Term, in February, 1830.

Johnson, J. and Evans, J. concurred.